The Honorable Ralph (Buddy) Blair, Jr. The House of Representatives State Capitol Building Little Rock, Arkansas 72201
Dear Representative Blair:
On February 9, 1987 you asked for my opinion regarding the constitutionality of some legislation that you plan to introduce. Your bill proposes the death penalty or life in prison without parole as punishment for persons who deliver cocaine to another person if the person receiving the cocaine dies as a result of using it. Your proposed statute reads as follows:
 SECTION 1. When a person unlawfully delivers cocaine to another person and the person receiving the cocaine dies as a result of ingesting, injecting or breathing the cocaine, the delivery of the cocaine shall constitute a capital offense punishable by death or life imprisonment without parole. For all purposes other than disposition under Article III of Act 280 of 1975, as amended, such delivery of cocaine is a Class Y felony.
 SECTION 2. All laws and parts of laws in conflict with this Act are hereby repealed.
I. IMPOSITION OF THE DEATH PENALTY
At the outset I must tell you that, assuming your bill becomes law, because of the United States Supreme Court's decision in Enmund v. Florida, 458 U.S. 782 (1982), it will be almost impossible for the State to carry out any death penalty imposed pursuant to your statute. Enmund forbids a state from executing a murderer unless the murderer actually killed his victim or intended to kill his victim. Your bill permits imposition of the death penalty without any proof by the State that the cocaine pusher himself actually killed the buyer or intended that the buyer die as a result of ingesting the cocaine that the seller sold the buyer. Although a jury could impose a death penalty pursuant to your proposed statute, no appellate court would let the death penalty be inflicted unless the State proved that the cocaine seller sold the cocaine to the buyer with the intention that the buyer would use it and die as a result. Given that the average cocaine pusher does not intend for his customers to die as a result of their dealings with him, this set of facts will almost never occur. If this set of facts does occur, it would be as if the cocaine seller were committing premeditated murder by putting arsenic or some other poison in food and then selling the food by representing it to be wholesome. If this set of facts did occur, under our present law such a "murder-by-poison," without more, is not a capital murder. Given the occurrence of this unusual set of facts, your bill does provide additional protection for the public by increasing the penalty for those who commit premeditated murder by the use of cocaine.
I must add, however, that given the nature of the sentencing process followed in death penalty cases, it is very unlikely that a jury could impose a death penalty even in a rare "cocaine-as-arsenic" case. This is so because, as a matter of present Arkansas statutes and of the Eighth Amendment to the United States Constitution, the State must prove the existence of at least one aggravating circumstance in order to enable a jury to impose the death penalty. Of the eight possible aggravating circumstances set forth in Ark. Stat. Ann. 41-1303 (Supp. 1985), only two ("the person in the commission of the capital murder knowingly created a great risk of death to a person other than the victim" and "the capital murder was committed for pecuniary gain") are likely to occur in a "cocaine-as-arsenic" case. Of these two, the murderer's desire to realize a pecuniary gain, if present, could not be used against him if the seller sold cocaine to his victim because of the holding of Collins v. Lockhart, 754 F.2d 258
(8th Cir.), cert. denied, 106 S.Ct. 546 (1985). Collins holds that the State may not use as an aggravating circumstance something that is also an element of the underlying capital murder. The cocaine seller "delivers" the cocaine to the buyer. Delivery means "transfer for money." See Ark. Stat. Ann. 82-2601(f) (Supp. 1985). There is no doubt that the Eighth Circuit would declare that "delivery" is equivalent to commission of a murder in order to realize a pecuniary gain. Collins would not apply if the seller did not sell, but instead gave away the cocaine — delivery does not encompass gratuitous transfers. However, because delivery is one of the elements of your bill, if there is no transfer for money, your proposed statute will not cover this set of facts.
In summary, under your proposed statute the State could put to death a cocaine pusher only if it could show: 1) the cocaine pusher actually injected the drug into his buyer/victim, thereby intending to kill his buyer/victim or 2) the cocaine seller intended for his buyer/victim to use the cocaine and die and also if 3) the cocaine seller sold the drug to his victim/buyer knowing that there was an extremely high probability that the buyer/victim would share the cocaine with others and these others would undergo a great risk of death if they used the cocaine that the seller sold to his buyer/victim. There are three other aggravating circumstances (41-1303 (1-3)) that could apply in a "cocaine-as-arsenic" case, but their occurrence would be extremely rare. These aggravating circumstances have to do with the defendant's status as a prison inmate, as an escapee from prison and as a prior, violent offender. I note also that my staff has been trying for some time to get the Collins issue before the United States Supreme Court. We are confident that the Supreme Court will reverse the Eighth Circuit's decision in Collins. Until such time, Collins does limit Arkansas' ability to impose the death penalty on those who sell cocaine in that the State cannot use the seller's desire to realize a pecuniary gain as an aggravating circumstance in the sentencing phase of a capital murder trial.
II. IMPOSITION OF LIFE IMPRISONMENT WITHOUT PAROLE
Capital offenses also provide for life imprisonment without parole, as well as the death penalty. With respect to a life without parole sentence, your proposed statute is on much firmer constitutional ground. Moreover, your bill greatly increases the possible punishment for cocaine pushers who cause death. At present, a seller who sold cocaine to a buyer (not intending that his buyer die from using it) would face a maximum sentence of only twenty years as a second degree murderer. See Ark. Stat. Ann. 41-1503(2) (Repl. 1977) and 41-901(1)(b) (Repl. 1977). Given that the State would very likely be unable to prove that the seller knowingly caused the death of the buyer, most prosecutors would charge the cocaine seller not with second degree murder, but with manslaughter, which has a maximum sentence of ten years. See Ark. Stat Ann. 41-1504(3) (Repl. 1977) and 41-901(1)(c) (Repl. 1977). Your proposed statute could be significant improvement in that it could provide for a much stiffer penalty, life without parole, for those who sell cocaine knowing that the buyer's use of cocaine will cause the buyer's death. In contradistinction to those who sell cocaine knowing that it will cause the buyer/users [user's] death, those who sell cocaine with the purpose that it cause the buyer/user's death will meet the Enmund requirement outlined above and will, therefore, be eligible to receive the death penalty.
To insure the constitutionality of your proposed statute, I recommend several changes in its language. It is my recommendation that your bill be redrafted to read as follows:
 SECTION 1. When a person knowingly delivers cocaine to another person in an unlawful manner and the person receiving the cocaine dies as a result of ingesting, injecting or breathing the cocaine, the delivery of the cocaine shall constitute a capital offense punishable by death or life imprisonment without parole if the person delivered the cocaine knowingly with respect to the buyer's ingestion, injection or inhalation of the cocaine and if the person who delivered the cocaine knew that there was an extremely high probability that such use of the cocaine would cause the death of the person so using it. For all purposes other than disposition under Article III of Act 280 of 1975, as amended, such delivery of cocaine is a Class Y felony.
 SECTION 2. All laws and parts of laws in conflict with this Act are hereby repealed.
I suggest these changes to ward off an Eighth Amendment facial invalidation of your bill as it is presently written. In its present form, your proposed statute provides the death penalty or a life without parole sentence as the only penalties for those found guilty of its violation. Your proposed statute provides these harsh penalties without regard to the culpable mental state of the defendant. In my opinion, an appellate court is likely to hold that a death sentence or a sentence of life without parole is an unconstitutionally cruel and unusual punishment if inflicted on cocaine sellers who acted negligently or recklessly or who did not know that the cocaine they sold to the deceased buyer/victim was especially likely to cause death. I do not think we can successfully argue that the ingestion or inhalation of every form or compound of cocaine is so highly probably to cause a death that sellers are, ipso facto, aware of the high probability that they will cause death if they sell cocaine to those who plan to ingest or inhale it. My redraft of your bill makes clear that cocaine pushers must act knowingly with respect to their buyers' intention to ingest, inject or inhale the cocaine and must know that the cocaine is especially lethal or toxic. Such a culpable mental state joined with the act of selling cocaine to a person who dies as a result would pass any "cruel and unusual" challenge, at least with respect to the imposition of sentence of life imprisonment without parole. The only other vulnerable spot in your proposed statute is the possibility that cocaine pushers could argue that the statute imposes criminal liability on them without any requirement that they actually cause the buyer/victim's death. The pushers could argue to a trial court or to an appellate court that the buyer/victim injected the cocaine into himself or otherwise ingested it. Based upon my study of Arkansas' criminal causation statute, Ark. Stat. Ann. 41-205 (Repl. 1977), and cases from other jurisdictions, notably California, Nebraska, New Jersey and Tennessee, I believe such an argument is meritless. As a matter of law, a cocaine seller causes the death of people who buy cocaine, use it and then die as a result of such use.
I hope that I have answered any questions you made [may] have had concerning the constitutionality of your bill. If your proposed statute is rewritten to incorporate the changes I have suggested, it will pass constitutional muster. It has been my pleasure to assist you in bringing this measure to the attention of your colleagues in the General Assembly. Please let me know if I can be of further help to you in this endeavor or with any other matters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Clint Miller.